IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARK BITTING                                  :
              Plaintiff,      :   **CIVIL ACTION No. 02-CV-2770 (PBT)**
   v.                                          :
                                            :
QUALITY DISTRIBUTION, INC.                    :
              Defendant.      :
                                            :

**ORDER**

AND NOW, this _____ day of _____, 2002, it is hereby ORDERED and DECREED that defendant's Motion to Dismiss Count One for Improper Venue, or in the Alternative, to Transfer Venue to the Southern District of New York is hereby DENIED.

By the Court:

_____
Honorable Petrese B. Tucker

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARK BITTING : | |
| Plaintiff, : | **CIVIL ACTION No. 02-CV-2770 (PBT)** |
| v. : | |
| : | |
| QUALITY DISTRIBUTION, INC. : | |
| Defendant. : | |
| : | |

**PLAINTIFF'S ANSWER TO MOTION OF DEFENDANT QUALITY DISTRIBUTION, INC TO DISMISS COUNT ONE FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF NEW YORK**

The plaintiff, Mark Bitting, responds to defendant's motion as follows:

1. Admitted.

2. Admitted.

3. Admitted. The plaintiff has attached a copy of the said employment agreement to this response as Exhibit A.

4. Admitted.

5. Denied.

6. It is admitted that the agreement attached hereto as Exhibit A contains a forum selection clause. For the reasons set forth in plaintiff's brief, this action has been properly brought in the Eastern District of Pennsylvania.

7. The agreement speaks for itself.

8. Admitted.

9. Denied, as the plaintiff does not know the exact date that MLT, Inc. acquired CLC.

10. Denied as irrelevant. It is irrelevant to this matter, and particularly to venue, as to where defendant QDI's "major investors" are allegedly located.

11. Denied. The plaintiff negotiated the employment agreement with QDI.

12. Denied. The plaintiff signed the said agreement in Pennsylvania and delivered it by fax.

13. Denied, as the plaintiff is without knowledge as to where the closing of the CLC acquisition took place. By way of further reply, where the closing took place is irrelevant to venue.

14. Denied. It is denied that the clause in issue was negotiated for the reason stated. Further, the witnesses and the parties will not in any way be inconvenienced by litigating all of plaintiff's claims in this Honorable Court.

## Plaintiff's Answer to Defendant's Motion to Dismiss Count One

15. The plaintiff incorporates by reference paragraphs 1 through 14 above as if the same were fully set forth at length herein.

16. Admitted.

17. It is admitted that the plaintiff entered into the agreement attached hereto as Exhibit A.

18. It is admitted that the said agreement contains a forum selection clause.

19. Denied as stated. The plaintiff seeks to recover monies owed under the said agreement following the termination of his employment with good reason.

20. Denied as a conclusion of law.

WHEREFORE, the plaintiff respectfully requests that this Honorable Court deny defendant's motion.

**Plaintiff's Answer to Defendant's Motion
to Transfer Venue of Entire Action**

21.  The plaintiff incorporates by reference paragraphs 1 through 20 of his Answer above as if the same were fully set forth at length herein.

22.  Admitted.

23.  Admitted.

24.  Denied as a conclusion of law. Venue for Count One of plaintiff's Complaint is not proper only in the Courts of New York. Venue also is proper in the United States District Court for the Eastern District of Pennsylvania.

25.  Denied as stated. Under Count Two of plaintiff's Complaint, he seeks damages for the failure of the defendant to recognize and pay him for his earlier agreed upon three percent (3%) interest in Bulknet, a company wholly owned by Quality Distribution, Inc. and incorporated and based in Pennsylvania. Under Count Three, the plaintiff seeks damages for the breach of defendant's oral agreement with the plaintiff to sell defendant's interest in Bulknet to the plaintiff.

26.  Denied. For the convenience of the parties, witnesses, and the Court, and in the interest of justice, venue for Counts One, Two, and Three is properly within the United States District Court for the Eastern District of Pennsylvania. In support thereof, the plaintiff relies upon his Affidavit attached hereto as Exhibit B. As provided in said Affidavit, 1) the

company that he was to operate under the employment of the defendant was located in Tulleytown, Pennsylvania; 2) key witnesses to the agreements which form the basis of the specific counts of plaintiff's Complaint are located within the Eastern District of Pennsylvania; 3) meetings pertaining to the negotiations of the oral agreements set forth in Counts Two and Three of plaintiff's Complaint took place within Pennsylvania; 4) the said written agreement which forms the basis for Count One of plaintiff's Complaint was executed by the plaintiff in Pennsylvania; 5) virtually all of the relevant books and records are located within Pennsylvania; and 6) Bulknet, the company which is the subject of Count Two and Count Three of plaintiff's Complaint, was at all times relevant hereto incorporated in Pennsylvania and operating out of that state.

WHEREFORE, the plaintiff respectfully requests that this Honorable Court deny defendant's motion to dismiss Count One for proper venue and also deny defendant's motion, in the alternative, to transfer venue to the Southern District of New York.

Respectfully submitted,

AGINS HAAZ & SEIDEL, L.L.P.

By:_____
Stuart J. Agins, ID No. 27819
1604 Locust Street, 3rd Floor
Philadelphia, PA 19103

Attorneys for Plaintiff Mark Bitting

**CERTIFICATE OF SERVICE**

I, Stuart J. Agins, hereby certify that a true and correct copy of the Plaintiff's Response was served via first-class U.S. mail on October 8, 2002 to the below listed party:

Paul J. Greco, Esquire
Morgan, Lewis & Bockius
1701 Market Street
Philadelphia, PA 19103-2921


Dated: October 8, 2002                             _____
                                                                              Stuart J. Agins